**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**DR. NING SHEN,**

     **Plaintiff**,

**v.**                                                **Civil Action No. 3:11-cv-16**
                                                     **(BAILEY)**

**ERIC SHINSEKI**, *Secretary,*
*United States Department of Veterans Affairs*

     **Defendant**.

## ORDER OF HEARING GRANTING PRELIMINARY INJUNCTION

On March 23, 2011, the above-styled case came before the Court for a hearing on Plaintiff's Motion for Preliminary Injunction [Doc. 4]. The plaintiff was present in person and by counsel David Scher, and local counsel Garry Geffert. The defendant was represented by Assistant United States Attorney Helen Campbell Altmeyer.

First, the Court took up the pending Pro Hac Vice motions [Docs. 6, 7]. The Court inquired of local counsel if the fees to the Northern District of West Virginia and the West Virginia State Bar had been paid. Counsel represented that both fees were paid. Accordingly, the Court stated that it would **GRANT** the motions.

Next, the Court took up the Government's Motion to Dismiss [Doc. 11]. The Court heard argument from the Government and the plaintiff. After hearing argument and reviewing the relevant law, the Court **ORDERED** that the Government's Motion [Doc. 11]

be **DENIED**. The Court reasoned that it had jurisdiction to hear plaintiff's Civil Complaint for Equitable Relief based on the Fourth Circuit's decision in ***Aronberg v. Walters***, 755 F.2d 1114, 1115 (4th Cir. 1985).

Next, the Court took up plaintiff's Motion for Preliminary Injunction [Doc. 4]. The Court heard argument from the plaintiff, and from the Government. The Court found that plaintiff's Motion for Preliminary Injunction [Doc. 4] should be **GRANTED**. The Court found: (1) that plaintiff was likely to succeed on the merits; (2) that she was likely to suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tipped in her favor; and (4) that an injunction was in the public interest. (citing ***The Real Truth About Obama, Inc. v. Fed. Election Comm.***, 575 F.3d 342, 346 (4th Cir. 2009)).

The Court noted that the impending Professional Standards Board (PSB) meeting was the sixth PSB meeting related to plaintiff's employment since the filing of her EEOC complaint. The Court found that the volume of hearings, and the fact that the present hearing was going to address an issue already investigated and resolved previously by her employer, showed that the actions by her employer were likely retaliatory. The Court further noted that retaliation for participation in the EEOC process, regardless of how it is effected, inflicts irreparable harm. (citing ***Aronburg***, 755 F.2d at 1115). Based on those findings, the Court concluded that it was in the public interest to prevent the plaintiff from suffering from retaliation for the filing of her EEOC claim. Finally, the Court noted that the balance of equities tipped in plaintiff's favor, as the most harm that defendant would suffer as a result of the injunction issuing was being forced to pay plaintiff's salary for a few more months, verses the potential harm to plaintiff of suffering retaliation, loss of her job, and the

2

potential effect that might have on her license to practice medicine.

Accordingly the Court **ORDERED** that the defendant, Eric Shinseki, Secretary, United States Department of Veterans Affairs, be **ENJOINED from engaging in any action to terminate the plaintiff, or initiating any action that would or could result in the filing of a report with the National Practitioner's Data Bank or any State Licensing Board**, until such time as plaintiff's Equal Employment Opportunity Commission claim is resolved.

The Court then inquired whether that concluded the case. Both parties agreed that plaintiff had been granted all the relief sought in her complaint. Accordingly, the Court **ORDERED** that the above-styled case be **DISMISSED** and **STRICKEN** from the active docket of this Court.

There being no further business before the Court, the Court adjourned the matter.

It is so **ORDERED**

The Clerk is directed to transmit copies of this Order to counsel of record herein.

**DATED:** March 29, 2011

JOHN PRESTON BAILEY
CHIEF UNITED STATES DISTRICT JUDGE